STATE OF NEW YORK
SUPREME COURT        COUNTY OF ONONDAGA

---

FREDERICK DOYLE and JODY DOYLE,

             Plaintiffs,

    v.

TOWN OF MANLIUS, NEW YORK, JOHN DEER,
SARA BOLLINGER, ELAINE DENTON, KATELYN KRIESEL,
WILLIAM NICHOLSON, HEATHER WATERS, and
JOHN DOE(S) and JANE DOE(S),

             Defendants.

**COMPLAINT**

Jury Trial Requested

---

Plaintiffs Frederick Doyle and Jody Doyle ("Frederick" and "Jody," or collectively "Plaintiffs"), by and through their undersigned counsel, as and for a Complaint against Defendants TOWN OF MANLIUS, NEW YORK, JOHN DEER, SARA BOLLINGER, ELAINE DENTON, KATELYN KRIESEL, WILLIAM NICHOLSON, HEATHER WATERS, and JOHN DOE(S) and JANE DOE(S), alleges as follows:

### INTRODUCTION

1. This is an action under the New York Constitution, Article I, Section 6 relating to due process, Section 9 relating to freedom of association, and Section 11 relating to equal protection. This action is also brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiffs' rights to due process and equal protection under the Fourteenth Amendment; the New York Human Rights Law, Exec. Law § 296, *et seq.*; the Age Discrimination in Employment Act (ADEA); and New York common law.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to the Constitution and laws of the State of New York.

3. Venue is proper in Onondaga County pursuant to CPLR 503(a).

## PARTIES

4. Plaintiff Frederick Doyle, at all times relevant to this Complaint, is a citizen of the United States and a resident of the State of New Mexico. Plaintiff Frederick Doyle retired from the Town of Manlius Police Department in January, 2000 as a Police Sergeant after 20 years of service to the Town, first as a Village of Manlius Police Officer, which Village the Town contracted for police service, and later as a Town of Manlius Police Officer, Criminal Investigator, Criminal Investigator Supervisor, and Police Sergeant. As a retiree, he is entitled to all benefits provided under the New York State & Local Retirement System Section 384-d retirement plan. As a retiree, Mr. Doyle is also an intended third party beneficiary to health insurance benefits described in the collective bargaining AGREEMENT BETWEEN THE TOWN OF MANLIUS AND TOWN OF MANLIUS POLICE BENEVOLENT ASSOCIATION (the Contract) effective from January 1, 2021 through December 31, 2023.

5. Plaintiff Jody Doyle, at all times relevant to this Complaint, is a citizen of the United States and a resident of the State of New Mexico. She was at all times relevant herein the wife and dependent of Frederick Doyle, entitled to her husband's retiree medical insurance.

6. Defendant Town of Manlius ("Town"), at all times relevant to this Complaint, is a municipal corporation duly organized and existing under the laws of the State of New York. It was at all times relevant herein the former employer of Plaintiff Frederick Doyle. The said Town

is by law responsible for the wrongdoing of officers and employees of the Town and by law responsible for the direct participation and endorsement of the unconstitutional and unlawful customs, policies, and practices of such officers and employees.

7. Defendants John Deer (Town Supervisor), Sara Bollinger (Deputy Supervisor), Elaine Denton (Town , Councilor), Katelyn Kriesel (Town Councilor), William Nicholson (Town Councilor), and Heather Waters (Town Councilor) are all active members of the Town of Manlius board and were all active members of the Town of Manlius board in the year 2022. Defendants John Doe(s) and Jane Doe(s) are individuals known and unknown to Plaintiff. They may be added to this action by amendment to the Complaint.

8. During all times mentioned in this Complaint, Defendants were acting under color of law, namely, under color of the Constitution, statutes, laws, charters, ordinances, rules, regulations, customs, and usages of the State of New York.

## CONDITIONS PRECEDENT

9. On or about February 17, 2023, a Notice of Claim was duly served upon Defendants.

10. At least 30 days has elapsed since service of such Notice of Claim and payment thereof has been refused.

## FACTS

11. Defendants unlawfully reduced and altered medical insurance benefits owned by Plaintiffs as retirees pursuant to contract between the Town of Manlius, New York and the Town of Manlius Police Benevolent Association, Inc. (Union). As a result, Defendants intentionally, recklessly, and/or negligently deprived Plaintiff Jody Doyle of critical, timely, and medically necessary cancer treatment, causing both Plaintiffs injury and harm.

12. Plaintiff Frederick Doyle maintains a vested property interest in medical insurance benefits for himself and his wife, Jody Doyle, for the payment of costs associated with medical treatment, care, and prescriptions pursuant to the Contract. Plaintiffs are entitled to the benefits of employment and retirement contractual obligations of Defendant Town providing, in sum and substance, that their rights to compensation and benefits will not be diminished or compromised as set forth in the Collective Bargaining Agreement in effect at the time of Plaintiff Frederick Doyle's retirement.

13. During the calendar year 2022, health insurance coverage for active and retired officers of the Town of Manlius, New York were provided through the Onondaga County Employee Benefits Agreement (OCEBA) Plan M, as administered by UMR, a United Healthcare company as specified in the Contract [Article VIII.B(1) and Article VIII.B(4)].

14. During the calendar year 2022, both Plaintiffs, being older than 65 years of age, enjoyed traditional Medicare as their primary medical insurance coverage, with the OCEBA plan provided as retirement coverage as their secondary and supplemental medical insurance coverage.

15. At some time prior to November 2022, unbeknownst to Plaintiffs or the Union, upon information and belief, the Defendant Town entered into negotiations with Humana to change the retiree health insurance coverage for only those retirees over the age of 65 to Humana "Medicare Advantage". These negotiations were made without notice or an opportunity to be heard by Plaintiffs, the Union, or any of its affected members, past or present.

16. Prior to and during the time of the negotiations with Humana, upon information and belief, the Town failed to exercise or otherwise avail itself of ARTICLE XXII - JOINT LABOR - MANAGEMENT COMMITTEE of the Contract, which article, among other things, is intended to "provide a continuing opportunity for the parties to exchange information and views on

-4-

relevant topics, including plans for health insurance coverage during employment, after retirement and upon eligibility for Medicare...."

17. On or about November 17, 2022, Defendant Town unilaterally and without notice or concern for affected beneficiaries, changed the retiree health insurance coverage for retirees 65 years of age and older from OCEBA Plan M to Humana Medicare Employer PPO plan, which is a privately administered Humana "Medicare Advantage" plan, effective January 1, 2023. On information and belief, the acts and omissions challenged herein occurred at the Town of Manlius Town Hall, 301 Brooklea Dr, Fayetteville, New York 13066.

18. On or about November 28, 2022, Plaintiffs received a letter from Defendant Town, and/or its agent Humana, advising that health insurance benefits for retirees over the age of 65 would be switched to the Humana Medicare Employer PPO plan, which is a privately administered Humana "Medicare Advantage" plan, effective January 1, 2023. On information and belief, retirees under the age of 65 and active officers would, however, continue receiving benefits from OCEBA. The information provided in the letter by Defendants regarding the switch materially misrepresented the coverage and misled recipients by including the bullet point, "You can choose **any** Medicare provider, but you will save money by using providers from our large network." (emphasis added). Further, the letter materially misrepresented and misled recipients by failing to notify that the change would affect their medical treatment coverage as provided by their medical providers and as previously covered by OCEBA and by failing to notify that the change would deprive the Plaintiffs of traditional Medicare. Defendant Town of Manlius thereafter represented to Plaintiffs that they would have the same, uninterrupted coverage as previously owned. Defendants sent or cause to be sent a Humana "Important Plan Information" booklet to Plaintiffs stating: "You can go to **any** Medicare-approved provider or hospital, but you may save money using in-network providers." (emphasis added). Plaintiffs

-5-

justifiably relied upon said representations by Defendants.

19. On or about September 2022, Plaintiff Jody Doyle was diagnosed with Stage 3 Triple Negative Breast Cancer (TNBC). Plaintiff Jody Doyle promptly received treatment for her TNBC according to the "Keynote 522" protocol, which protocol required strict adherence to scheduled chemotherapy and neoadjuvant KEYTRUDA administration. At that time – and through the duration of the OCEBA coverage which expired on December 31 2022 – cancer treatment was paid without incident at Presbyterian Healthcare Services (PHS) by Medicare as the primary coverage and OCEBA as the secondary coverage, according to Medicare rules.

20. On or about December 28, 2022, Plaintiff Frederick Doyle, after completing his yearly physical, spoke with PHS checkout personnel about switching his and Plaintiff Jody's insurance of record to the new Town provided Humana Medicare Advantage, and was informed by the checkout personnel that PHS did not accept Humana Medicare Advantage. By this time, the annual open enrollment period at Plaintiff Frederick Doyle's employment was closed and Plaintiffs were caught without health insurance coverage that PHS - their primary and specialty providers - would accept. Further, the period during which Plaintiff Frederick Doyle could change his employee Flexible Spending Account (FSA) contributions to pay for medical expenses with pre-tax dollars had expired. As PHS had previously accepted Medicare as the primary coverage and OCEBA as secondary and supplemental coverage, this incident directly contradicts the claims of both the defendant Town's letter and the Humana "Important Plan Information" booklet.

21. In January of 2023, after extensive research into the complexities of traditional Medicare and privately administered Medicare Advantage plans, Plaintiffs were able to secure coverage under the Presbyterian Medicare Advantage plan that was accepted by PHS. However, this coverage did not go into effect until February 1, 2023, and resulted in far greater out-of-

pocket costs and a higher maximum out-of-pocket ceiling. By not alerting Plaintiffs of the intention to reduce coverage, Plaintiffs were subjected to deprivation of contractual and relied-upon guarantees of health insurance coverage. By failing to advise Plaintiffs or other retirees of Defendants' intention to reduce health insurance coverage to providers, they denied Plaintiffs an opportunity to be heard or object to same.

22. On January 20, 2023, Plaintiffs arrived for Plaintiff Jody Doyle's scheduled chemotherapy treatment, knowing that Humana Medicare Advantage was not accepted but willing to pay out-of-pocket with credit cards. PHS refused to accept such payment for treatment "per policy," and Jody was forced to reschedule treatment for February 1st, 2023, suffering an interrupted critical cancer care treatment. This caused both Plaintiffs despair, fear, dread, anxiety, distress, harm, injury, and pain. Additionally, Plaintiff Frederick Doyle, having dedicated 20 years of his life to faithful service of the Town of Manlius and its citizens, suffered then and still suffers from trauma associated with Defendants' betrayal of him and his wife.

23. On April 11, 2023 Plaintiff Jody Doyle, as part of her treatment for TNBC, underwent a right breast total mastectomy which included targeted removal of five lymph nodes. On April 14, 2023, a pathology report was filed that indicated complete pathological response for invasive carcinoma in the breast tissue, but one of five nodes positive for metastasis. This lack of complete response in the lymph tissue mandated six weeks of daily radiation therapy, which therapy otherwise would have been optional or reduced in duration and/or frequency.

24. Defendants' acts and/or omissions deprived Plaintiffs of due process in that the change to their vested medical insurance benefits was done without notice or opportunity to be heard. Said deprivation is in violation of Article 1, Section 6 of the New York Constitution, which provides, in relevant part, that "no person shall be deprived of life, liberty or property without due process of law" and the Fourteenth Amendment to the United States Constitution.

25. Defendants' acts and/or omissions also deprived Plaintiffs of their entitlement to traditional Medicare. Said deprivation is in violation of Article 1, Section 6 of the New York Constitution, which provides, in relevant part, that "no person shall be deprived of life, liberty or property without due process of law" and the Fourteenth Amendment to the United States Constitution.

26. Defendants owed a duty to Plaintiffs to act with care and not subject them to harm or risk thereof. Defendants acted with gross and/or ordinary negligence and reckless disregard to Plaintiffs' rights. *Inter alia*, Defendants interfered with Plaintiffs' medical care, services, and treatment, subjecting them to injury and harm as set forth above. Defendants' actions in unilaterally and without notice, switching to Humana, and/or Defendants' omissions by failing to notify Plaintiffs and other retirees of the impending change in coverage and of accurately representing those claims once the change was made constitutes negligence and/or gross negligence.

27. Additionally, the actions and omissions of Defendants are in breach of the contract between Defendant Town and the Union, to which plaintiffs are intended third party beneficiaries. This constitutes a further violation of Plaintiffs' rights, for which they have suffered economic damages and non-economic damages, including emotional despair, distress, fear, anxiety, dread, harm, and a sense of betrayal.

28. Further, Plaintiff Frederick Doyle was treated disparately based on age by Defendants, causing him a loss of benefits and increased healthcare costs. As a retired employee over the age of 65, Plaintiff Frederick Doyle is a member of a protected class. His age was a motivating and/or but-for cause for the change of his and his wife's medical benefits. Such discriminatory conduct violates the Human Rights Law of the State of New York, N.Y. Exec. Law § 290 et seq. and Article 1, Section 11 of the New York Constitution.

-8-

29. Plaintiff Jody Doyle was deprived of needed and necessary medical treatment. Additionally, Plaintiffs endured pain and suffering, physical and emotional injury, loss of enjoyment of life, incurred increased health insurance costs and medical expenses, and incurred legal fees and costs for which they demand be promptly and fully compensated.

**AS AND FOR A FIRST CAUSE OF ACTION
UNDER 42 U.S.C. SECTION 1983 FOR VIOLATION
OF PLAINTIFF'S DUE PROCESS RIGHTS**

30. Plaintiffs repeat and re-allege paragraphs 1 through 29 above as if set forth fully herein.

31. Defendants violated Plaintiffs' due process rights by, *inter alia*, reducing the medical insurance benefits owed to Plaintiffs without providing them or other affected retirees adequate notice or opportunity to be heard.

32. As a direct and proximate result of Defendants' deprivation of Plaintiffs' due process rights, Plaintiffs have been denied benefits and medically necessary treatment and subjected to pain, suffering, emotional injury, loss of enjoyment of life, and have incurred legal fees and costs for which they are entitled to compensation therefor.

**AS AND FOR A SECOND CAUSE OF ACTION
UNDER ARTICLE 1, SECTION 6 OF THE NEW YORK CONSTITUTION**

33. Plaintiffs repeat and re-allege paragraphs 1 through 32 above as if set forth fully herein.

34. Article 1, Section 6 of the New York Constitution provides, in relevant part, "no person shall be deprived of life, liberty or property without due process of law." Plaintiff's medical insurance benefits are property of Plaintiffs.

35. The conduct of Defendants as set forth herein denies Plaintiffs due process of law and has caused them injury and harm.

-9-

36. Plaintiffs hereby seek monetary damages and injunctive relief to restrain Defendants' denial of their due process rights.

## AS AND FOR A THIRD CAUSE OF ACTION
## UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT

37. Plaintiffs repeat and re-allege paragraphs 1 through 36 above as if set forth fully herein.

38. Plaintiff Frederick Doyle is over the age of 40.

39. Defendant Town is an employer as defined in the ADEA in that it employs more than 20 employees.

40. Plaintiffs were denied equal medical insurance benefits to younger employees and/or retirees. Plaintiff's age was a determining and/or motivating factor in said denials.

41. Plaintiffs were harmed and injured by reason of Defendants' discriminatory acts, as set forth more fully above.

## AS AND FOR A FOURTH CAUSE OF ACTION
## UNDER THE NEW YORK HUMAN RIGHTS LAW

42. Plaintiffs repeat and re-allege paragraphs 1 through 41 above as if set forth fully herein.

43. Plaintiffs were denied equal medical insurance benefits to younger employees and/or retirees. Plaintiff's age was a determining and/or motivating factor in said denials.

44. Plaintiffs were harmed and injured by reason of Defendants' discriminatory acts, as set forth more fully above.

## AS AND FOR A FIFTH CAUSE OF ACTION

## UNDER ARTICLE 1, SECTION 11 OF THE NEW YORK CONSTITUTION

45. Plaintiffs repeat and re-allege paragraphs 1 through 44 above as if set forth fully herein.

46. Article 1, Section 11 of the New York Constitution, provides, in relevant part, "no person shall be denied the equal protection of the laws of this state or any subdivision thereof."

47. The conduct of Defendants as set forth herein denies Plaintiffs their rights to equal protection of the laws, causing them injury and harm.

48. Plaintiffs hereby seek monetary damages and injunctive relief to restrain Defendants' denial of their equal protection rights.

## AS AND FOR A SIXTH CAUSE OF ACTION
## UNDER 42 U.S.C. § 1983 FOR VIOLATION
## OF PLAINTIFFS' RIGHT TO EQUAL PROTECTION

49. Plaintiffs repeat and re-allege paragraphs 1 through 48 above as if set forth fully herein.

50. Defendants violated rights guaranteed to Plaintiffs under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution in that they were subjected to discrimination because of their age and/or Frederick's status as a retiree

51. Plaintiffs have sustained damages by reason of Defendants' wrongful act and/or omissions for which they are entitled to compensation

## AS AND FOR A SEVENTH CAUSE OF ACTION
## UNDER NEW YORK COMMON LAW FOR TORTIOUS INTERFERENCE

52. Plaintiffs repeat and re-allege paragraphs 1 through 51 above as if set forth fully herein.

53. By their aforementioned acts and omissions, Defendants intentionally interfered with Plaintiffs' medical benefits and rights under the contract between Defendant Town and the Union.

54. As a result, Plaintiffs have sustained damages as set forth above.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## UNDER NEW YORK COMMON LAW FOR NEGLIGENCE
## AND/OR GROSS NEGLIGENCE

55. Plaintiffs repeat and re-allege paragraphs 1 through 54 above as if set forth fully herein.

56. Defendants owe a duty to Plaintiffs to act with care and not subject Plaintiffs to harm or risk thereof. Defendants also have a duty to accurately and fully disclose changes and/or benefits in medical insurance coverage.

57. Defendants have and maintain a special relationship with Plaintiffs in their roles as his former employer(s) who are obligated to provide continued medical insurance benefits and, as such, are required to act with care and not subject Plaintiffs to harm or risk thereof.

58. Defendants have acted with gross and/or ordinary negligence and reckless disregard to Plaintiffs' rights, needs, and medical treatment.

59. As a result, Plaintiffs have sustained damages as set forth above.

## AS AND FOR A NINTH CAUSE OF ACTION
## UNDER NEW YORK COMMON LAW FOR BREACH OF CONTRACT

60. Plaintiffs repeat and re-allege paragraphs 1 through 59 above as if set forth fully herein.

61. Plaintiffs are third-party beneficiaries to the contract in effect between Defendant Town and the Union. As such, they are entitled to rights and benefits under such contract and justly relied thereon.

62. Defendants breached said contract by, *inter alia*, failing to provide Plaintiffs the medical insurance benefits owed to them under the contract and by modifying the terms of said benefits without notice to Plaintiffs.

63. Additionally, Defendants made material misrepresentations regarding the applicability

of the Humana medical coverage for Plaintiffs' medical providers.

64. Plaintiffs relied on said material misrepresentations to their detriment in that they incurred increased out-of-pocket and prescription costs as well as interruptions of medical care and treatment.

65. As a result, Plaintiffs have sustained damages as set forth above.

**WHEREFORE**, Plaintiffs seek judgment against Defendants as follows:

    a. Injunctive relief requiring Defendant to reimburse Plaintiffs for costs incurred as a result of the modification of retiree health benefits without due process of law;

    b. Reinstate Plaintiffs to the same coverage as retirees under 65 and/or as previously provided upon retirement or provide retirees with an informed option to select between the OCEBA and alternate coverage;

    c. Enjoin Defendants from further discrimination or alteration of contractual medical benefits;

    d. Compensatory damages in an amount to be determined at trial (said amount exceeding the jurisdiction of all lower courts);

    e. Punitive damages in an amount to be determined at trial (said amount exceeding the jurisdiction of all lower courts);

    f. attorneys' fees, costs and disbursements of this action;

    g. declaratory relief finding Defendants violated Plaintiffs rights; and

    h. such other and further relief the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated: November 13, 2023

A.J. Bosman, Esq.
Robert Strum, Esq.
Bosman Law, L.L.C.
*Attorneys for Plaintiffs*
3000 McConnellsville Road
Blossvale, New York 13308
Tel. (315) 820-4417